**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
EASTERN DIVISION

| | | |
|---|---|---|
| PANORAMIC STOCK IMAGES, LTD. | ) | Case No. 12-cv-09918 |
| d/b/a PANORAMIC IMAGES | ) | |
| Plaintiff, | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| PEARSON EDUCATION, INC., | ) | DEMAND FOR JURY TRIAL |
| Defendant | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

This is an action for copyright infringement and fraud brought by Plaintiff Panoramic Stock Images Ltd., the owner of copyrights to photographs described hereafter, against Defendant Pearson Education, Inc. ("Pearson") for unauthorized uses of Panoramic's photographs. Plaintiff demands a jury trial and states:

## PARTIES

1. Panoramic Stock Images Ltd. doing business as Panoramic Images ("Panoramic") is a stock photography licensing agency engaged in licensing photographs to publishers, including Pearson. Panoramic is an Illinois corporation located in Evanston, Illinois.

2. Pearson is a Delaware corporation which publishes and sells textbooks in the Northern District of Illinois, throughout the United States, and overseas, including the publications and ancillary materials in which Plaintiff's photographs are unlawfully reproduced. At all times pertinent to the allegations herein, Pearson acted through and in concert with its various imprints, divisions, partners, subsidiaries, predecessors, Pearson's parent company and its parent's subsidiaries and affiliates.

**JURISDICTION**

3.       This is an action for copyright infringement and fraud arising under copyright laws of the United States and Illinois common law.  This Court has jurisdiction over the subject matter of this action pursuant to 28 United States Code §§ 1331 (federal question) and 1338 (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

**VENUE**

4.       Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. §§ 1400(a) because Defendant conducts substantial business within the state of Illinois; Defendant infringed Plaintiff's copyrights within the state of Illinois; and a substantial part of the events or omissions and alleged misconduct giving rise to Plaintiff's claims occurred in the state of Illinois.

**FACTS COMMON TO ALL COUNTS**

5.       Panoramic is the owner of the attached photographic images ("Photographs") depicted in Exhibit 1.

6.       The Photographs have been registered with the United States Copyright Office or complete applications for copyright registration have been received by the Copyright Office in compliance with the Copyright Act, 17 U.S.C. §§ 101 *et seq.,* as set forth in Exhibit 1.

7.       Between 1991 and 2012, in response to permission requests from Pearson, Panoramic sold Pearson limited licenses to use copies of the Photographs in numerous educational publications.  The licenses Panoramic granted Pearson were expressly limited by number of copies, distribution area, language, duration and/or media (print or electronic) as set forth in Exhibit 1.

8.     Panoramic granted the limited use licenses in response to Pearson's representations to Panoramic that the use of the Photographs would not exceed the limitations contained in its license requests.

9.     At the time Pearson represented to Panoramic in its permission requests that it needed specified, limited licenses to use the Photographs, Pearson often knew its actual uses under the licenses would exceed the usage rights it was requesting and paying for.

10.    Pearson intended by its misrepresentations to obtain access to the Photographs at a lower cost than it would have paid had it been honest in its dealings and to conceal the copyright infringements that followed.  Pearson was successful and achieved both these wrongful ends.

11.    Upon information and belief, Pearson exceeded the permitted uses under the terms of the limited licenses it was granted in the publications identified in Exhibit 1 and related ancillary publications, including, but not limited to, custom editions, pupil editions, teacher editions, and study guides, as well as digital, electronic and online editions, e-books, CDs, DVDs, CD-ROMs, flash drives, screen shots, laser disks, audiotapes, videotapes, Power Point presentations, uses on Internet websites, advertising and sales materials, samples, pilots, facsimiles, and other associated publications and products.

12.    Upon information and belief, Pearson used the Photographs without any license or permission in additional publications.  Because Pearson alone knows these wholly unauthorized uses, Panoramic cannot further identify them without discovery.  Upon information and belief, Pearson has developed a list of its wholly unlicensed uses and Panoramic's Photographs are among those Pearson has so identified.

13.    Panoramic granted the restricted licenses in response to Pearson's representations

to Panoramic that its use of the Photographs would not exceed the limitations contained in Pearson's request letters.

14.     In a specific instance around December 2001, Pearson's representative, Kathleen Olson in Benicia, California, sent a request letter to Panoramic's office in Chicago, Illinois. The request letter sought permission to print 250,000 copies of one of Panoramic's Photographs in the textbook, *Biology*, Sixth Edition, by Campbell and Reece, 2001 ("*Biology* 6/e"). The letter also sought to use the Photograph in a related supplement, the PowerPoint Presentation for teachers. Based on Pearson's representations that it would use Panoramic's Photograph in the specified amount and manner, Panoramic issued a license permitting 250,000 copies of the Photograph to be reproduced in the textbook and teachers' aid. Exhibit 2.

15.     Despite securing and paying for a license to print 250,000 copies of the Photograph in the textbook and related supplement for *Biology* 6/e, Pearson printed 749,113 copies. Exhibit 3. Pearson also printed copies of the Photograph in online, subscription-based versions of *Biology* 6/e and in separately downloadable electronic books. Exhibit 4.

16.     At the time Pearson sought and secured a license from Panoramic to print 250,000 copies of one of its Photographs in *Biology* 6/e, Pearson knew its uses would exceed 250,000 copies. Pearson previously printed 380,422 copies of the preceding fifth edition published in 1999. Pearson also knew that it would reproduce the Photograph in electronic formats for which it did not secure a license or pay for. Pearson intentionally misrepresented the number and format of reproductions it would make of Panoramic's Photograph in *Biology* 6/e, intending that Panoramic would rely upon those misrepresentations to its detriment and to Pearson's gain by charging a lower fee than it would have charged had Pearson been honest.

17.     On December 4, 2012, Panoramic provided Pearson with a detailed breakdown of the Photographs and the terms pursuant to which they were licensed, and requested in writing that Pearson provide accurate information concerning Pearson's actual uses of the Photographs. Pearson did not to provide the information Panoramic requested and declined to state which, if any, of the Photographs it has not infringed.

### *Pearson's Pattern of Infringement*

18.     Pearson's practice of requesting and paying for a license for limited uses, and then exceeding those licensed uses, extends beyond the publications in suit.  While the lost licensing fee to any individual copyright holder is relatively small, Pearson has sold and distributed millions of its publications, generating billions in revenue.  Pearson's business model, built on a foundation of pervasive and willful copyright infringement, deprived Panoramic and thousands of other visual art licensors of their rightful compensation and unjustly enriched Pearson with outlandish profits in the process.

19.     Numerous other photographers and stock photography agencies have brought actions against Pearson alleging copyright infringement claims nearly identical to those asserted by Panoramic in this action.  Since 2009, Pearson has been sued for copyright infringement in furtherance of the scheme described herein in at least the following 20 actions:

A.     Southern District of New York:  *Norbert Wu v. Pearson Education, Inc.,* No. 09-cv-06557 (*Wu I*) (Wu's motion for class certification for Pearson's license violations granted September 30, 2011; Pearson's immediate appeal to the Second Circuit denied as unwarranted February 7, 2012); *Norbert Wu v. Pearson Education, Inc.,* No. 10-cv-06537 (*Wu II*) (class action certification for Pearson's uses without any licenses

denied); *Louis Psihoyos v. Pearson Education, Inc.*, No. 10-cv-05912; and *Brandon Cole v. Pearson Education, Inc.*, No. 10-cv-07523.

      B.      Eastern District of Pennsylvania: *Phil Degginger v. Pearson Education, Inc.,* No. 11-cv-01302; *Grant Heilman Photography Inc. v. Pearson Education, Inc.,* No. 11-cv-04649; *Jon Feingersh Photography, Inc. v. Pearson Education, Inc.*, No. 11-cv-05122.

      C.      District of Arizona: *Tom Bean v. Pearson Education, Inc.,* No. 11-cv-08030; *DRK Photo v. Pearson Education, Inc.,* No. 11-cv-08097.

      D.      District of Colorado: *Viesti Associates, Inc. v. Pearson Education, Inc.,* No. 11-cv-01687; *Viesti Associates, Inc. v. Pearson Education, Inc.*, No. 12-cv-01431; *Viesti Associates, Inc. v. Pearson Education, Inc.*, No. 12-cv-02240.

      E.      District of Hawaii: *Pacific Stock, Inc. v. Pearson Education, Inc.,* No. 11-cv-00423.

      F.      Northern District of Ohio: *Penny Gentieu v. Pearson Education, Inc.*, No. 11-cv-01946.

      G.      District of Alaska: *Alaska Stock, LLC v. Pearson Education, Inc.*, No. 11-cv-00162.

      H.      Northern District of California: *Carr Clifton v. Pearson Education, Inc.*, No. 11-cv-03640; *Minden Pictures, Inc. v. Pearson Education, Inc.* No. 11-cv-05385; *Muench Photography, Inc. v. Pearson Education, Inc.,* No. 12-cv-01927.

      I.      Northern District of Illinois: *Robert Frerck v. Pearson Education, Inc.*, No. 11-cv-05319.

J.      District of Maine: *Stockfood America, Inc.* v. *Pearson Education, Inc.*, No. 12-cv-00124.

20.     In most of those suits, Pearson filed motions to dismiss based on the argument that infringement claims pleaded "upon information and belief" — necessary because Pearson, the sole source of information about its infringing uses, refuses to disclose its uses — must be dismissed as unsupported by evidence and that only infringements Pearson acknowledges before suit are actionable.  No court has granted such a motion.  Such motions have been denied in at least the following cases:  *Grant Heilman Photography Inc. v. Pearson Education, Inc.* (E.D. Pa. No. 5:11-cv-04649-LDD); *Jon Feingersh Photography, Inc. v. Pearson Education, Inc.* (E.D. Pa. No. 11-cv-05122-AB); *Tom Bean v. Pearson Education, Inc.* (D. Az. No. 3:11-cv-08030-PGR) (Exhibit 12); *Pacific Stock, Inc. v. Pearson Education, Inc.* (D. Hawaii No. 11-cv-00423-SOM-BMK); *Robert Panoramic v. Pearson Education, Inc.* (N.D. Ill. No. 1:11-cv-05319); *Alaska Stock, LLC v. Pearson Education, Inc.* (D. Alaska No. 3:11-cv-00162 TMB); *Carr Clifton v. Pearson Education, Inc.* (N.D. Cal. No. 5:11-cv-03640-EJD).  To avoid another adverse ruling, Pearson withdrew its motion to dismiss in *Phil Degginger v. Pearson Education, Inc.* (E.D. Pa. No. 11-cv-01302-GKP).

21.     In this case, as it has in others without success, Pearson seeks judicially-conferred immunity for its widespread copyright infringements by this "commit-the-perfect-crime" approach:

A.      License for unrealistically low limits, giving Pearson access to the Photographs and concealing its infringements because Panoramic doesn't know if and when Pearson violates any particular license's limits.

B.      Use beyond those limits without notice to Panoramic.

7

C.      Refuse to disclose its unauthorized uses when requested.

D.      Argue in court that infringement claims pleaded "upon information and belief" — necessary because Pearson, the sole source of information about its infringing uses, refuses to disclose its uses — must be dismissed as unsupported by evidence and that only infringements Pearson publicly acknowledges before suit are actionable.

22.      Pearson has disclosed its uses of copyrighted photographs in some of its publications.   The following examples show Pearson's practice of systematically infringing copyrights in photographs:

A.      Pearson licensed to print 400,000 copies of images in *Pearson Literature* 2008.  It printed 910,498 copies.

B.      Pearson licensed to print 40,000 copies of images in *Chemistry,* Second Edition by McMurry-Fay.  It printed 123,972 copies.

C.      Pearson licensed to print 40,000 copies of images *Essential Biology with Physiology*.  It printed 81,000 copies.  Pearson also licensed for distribution limited to only North America, but it created an unauthorized international edition which it distributed overseas.

D.      Pearson 400,000 copies images in *Biology*, Eighth Edition.  It printed over 700,000 copies.

E.      Pearson licensed to print 100,000 copies of images in *California Social Studies, Triumph,* Grade 3.  It printed 679,859 copies.

F.      Pearson licensed to print 40,000 copies of images in *Developmental Reading Assessment* 2001.  It printed over 350,000 copies.

G. Pearson licensed to print 200,000 copies of images in *Prentice Hall Chemistry* 2004. It printed 395,345 copies.

H. Pearson licensed to print 250,000 copies of images, including an image of Panoramic's, in *Scott Foresman Science,* Grade 2 2005. It printed 529,213 copies.

23. On May 3, 2010, and January 13, 2011, Julie Orr, Pearson's Curriculum Group's Image Manager, Rights and Permissions, testified that Pearson had published photographs in its textbooks in some instances without obtaining any permission and had printed in excess of license limits in situations where licenses were obtained. Exhibit 5.

24. On June 16, 2010, Maureen Griffin, Pearson's Curriculum Group's Photo Commissions Editor, testified that Pearson had published photographs in its textbooks "before the FTP [file to printer] date" and that "the number of textbooks printed exceeded the licenses we obtained." Exhibit 6.

25. When Pearson copied, distributed and used the Photographs without authorization, Pearson had a duty in equity and good conscience to disclose those uses to Panoramic. This is especially so because Pearson knew precisely when its use of the Photographs exceeded the applicable license limitations, or were used without any license, but Panoramic had no such knowledge nor any reason to assume Pearson was being deceitful in the uses it was making of the Photographs.

26. Pearson's scheme was effective and worked as intended. For years the infringements that followed Pearson's deceptive practices were concealed. To this day, Pearson alone knows the full extent to which it has infringed Panoramic's copyrights.

27. A reasonable opportunity for discovery will show that Pearson's pattern of infringing copyrights encompasses Panoramic's Photographs.

*Contributory Copyright Infringement*

28.     Upon information and belief, Pearson facilitated the international distribution of its publications, in part, through its international rights management group ("IRMG") located in Indiana and New Jersey.  The IRMG website indicates that it is the IRMG's "mission to maximize the number of translations and local versions published that are based upon products of Pearson Education," and that the IRMG "arranges for approximately 4,000 third-party licenses annually, which includes translations in approximately 50 languages read around the world." The IRMG website also indicates that its team "frequently travels to countries to visit with local publishing partners who are interested in obtaining foreign rights to our books."

29.     Upon information and belief, Pearson reproduced and distributed the Photographs without Panoramic's permission to other entities, subsidiary companies, divisions, affiliates and/or third parties ("Third Parties").  Upon information and belief, Pearson's unauthorized reproduction and distribution to the Third Parties took place in the United States.

30.     Upon information and belief, the Third Parties then translated the publications at issue into additional languages or published them in local adaptations or reprints and included the Photographs in these publications without Panoramic's permission.  By transmitting the Photographs to the Third Parties, Pearson enabled, induced, caused, facilitated, or materially contributed to the Third Parties' unauthorized reproduction and distribution of the Photographs.

31.     Upon information and belief, Pearson permitted Third Parties to distribute Pearson's publications containing the Photographs in new territories, to translate its publications into new languages, and to adapt its publications for distribution in additional territories.

32.     Upon information and belief, Pearson knew when it reproduced and distributed the Photographs that the Third Parties would reproduce and distribute the Photographs without Plaintiff's authorization.

33.     Upon information and belief, Pearson knew that the Third Parties were reproducing and distributing Plaintiff's Photographs without authorization.

34.     Upon information and belief, Pearson directly profited from its transmission of the Photographs to the Third Parties since such Third Parties paid Pearson for translation and distribution rights, including access to all of the content in the publications.

35.     All exhibits attached hereto are incorporated into this complaint by this reference.

## COUNT I
## COPYRIGHT INFRINGEMENT

36.     Panoramic incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

37.     The foregoing acts of Pearson constitute infringements of Panoramic's copyrights in the Photographs in violation of 17 U.S.C. §§ 501 *et seq.*

38.     Plaintiff suffered damages as a result of Pearson's unauthorized use of the Photographs.

## COUNT II
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

39.     Panoramic incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

40.     The foregoing acts of Pearson constitute contributory infringement of Panoramic's copyrights in the Photographs in violation of 17 U.S.C. §§ 501 *et seq.*

41.     Panoramic suffered damages as a result of the unauthorized use of the Photographs.

## COUNT III
### FRAUD

42.     Plaintiff incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

43.     The foregoing acts of Pearson constitute common-law fraud with respect to the Photograph identified in Exhibit 2.

44.     Plaintiff suffered damages as a result of Pearson's fraud.

WHEREFORE, Plaintiff requests the following:

1.     A permanent injunction against Defendant and anyone working in concert with Defendant from copying, displaying, distributing, selling or offering to sell Plaintiff's Photographs described in this Complaint and Plaintiff's photographs not included in suit.

2.     As permitted under 17 U.S.C. § 503, impoundment of all copies of Plaintiff's Photographs used in violation of Plaintiff's exclusive copyrights as well as all related records and documents and, at final judgment, destruction or other reasonable disposition of the unlawfully used Photographs, including digital files and any other means by which they could be used again by Defendant without Plaintiff's authorization.

3.     Actual damages and all profits derived from the unauthorized use of Plaintiff's Photographs or, where applicable and at Plaintiff's election, statutory damages.

4.     Reasonable attorneys' fees.

5.     Court costs, expert witness fees, interest and all other amounts authorized under law.

6.     Punitive damages against Pearson.

7.      Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues permitted by law.

DATED:  December 12, 2012

Plaintiff Panoramic Stock Images, Ltd. by its attorneys,

s/ Maurice Harmon
Maurice Harmon
Harmon & Seidman LLC
The Pennsville School
533 Walnut Drive
Northampton, PA 18067
Tel: 610.262.9288
Fax: 610.262.9557
maurice@harmonseidman.com

Christopher Seidman
Harmon & Seidman LLC
PO Box 3207
Grand Junction, CO 81502
Tel: 970.245.9075
Fax 970.245.8086
chris@harmonseidman.com

Alex Rice Kerr
Harmon & Seidman LLC
219 Vicksburg St.
San Francisco, California  94114
Tel:  (970) 270-4718
alex@harmonseidman.com

E. Bryan Dunigan
The Law Offices of E. Bryan Dunigan
221 N. LaSalle St., Suite 1454
Chicago, IL 60601
Tel: 312.857.2114
Fax: 312.372.1733
bdunigan@duniganlaw.com