IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PANORAMIC STOCK IMAGES, LTD. a/b/a PANORAMIC IMAGES, <br><br> Plaintiff, <br><br> v. <br><br> PEARSON EDUCATION, INC., <br><br> Defendant. | No. 12 cv 9918 <br><br> Judge Sharon Johnson Coleman |

**Memorandum Opinion and Order**

Plaintiff, Panoramic Stock Images, Ltd. d/b/a Panoramic Images ("Panoramic"), filed a three count First Amended Complaint alleging copyright infringement, contributory copyright infringement, and fraud against defendant, Pearson Education, Inc. ("Pearson"). Pearson moves to dismiss pursuant to *Federal Rule of Civil Procedure* 12(b)(6) for failure to state a claim [17]. Panoramic attached a proposed Second Amended Complaint to its response in opposition to the motion to dismiss. For the following reasons, this Court grants in part and denies in part Pearson's motion.

**Background**

Panoramic is a stock photography licensing agency engaged in licensing photographs to publishers. Pearson publishes and sells textbooks. Panoramic alleges that "[b]etween 1991 and 2012, in response to permission requests from Pearson, Panoramic sold Pearson limited licenses to use copies of the Photographs in numerous educational publications. The licenses Panoramic granted Pearson were expressly limited by number of copies, distribution area, language, duration and/or media (print or electronic) as set forth in Exhibit 1." (First Am. Compl. Dkt. 8 at

¶ 7). Panoramic further alleges that "Panoramic granted the limited use licenses in response to Pearson's representations to Panoramic that the use of the Photographs would not exceed the limitations contained in its license requests." *Id.* at ¶ 8. Panoramic asserts that Pearson exceeded the license limitations and knew that it would when it purchased the licenses and did so to pay less for the images. Panoramic also alleges that Pearson knowingly permitted third parties to reproduce and distribute publications containing Panoramic's images.

**Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires plaintiff set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P.* 8(a)(2). To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a plaintiff must provide sufficient facts to state a claim for relief plausible on its face, raising the right to relief above a speculative level. *See Arnett v. Webster,* 658 F.3d 742, 751-52 (7th Cir. 2011). When ruling on a motion to dismiss, courts accept all well-pleaded allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (7th Cir. 2004), and draw all reasonable inferences in favor of the plaintiff. *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). Plaintiffs are not required to plead a copyright action with the particularity required under Federal Rule of Civil Procedure 9(b) for fraud claims. *Mid America Title Co. v. Kirk*, 991 F.2d 417, 421 (7th Cir. 1993).

**Discussion**

Pearson moves to dismiss all three counts of the First Amended Complaint, arguing that the factual allegations to support the claims inadequately state a claim for relief. This Court will address each count in turn.

*1. Count I: Copyright Infringement*

In order to state a claim for copyright infringement, a plaintiff must allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

Pearson argues that Panoramic has not established that the alleged copyrights in the photographs were validly registered. An application to register must be filed, and either granted or refused, before suit can be brought. 17 U.S.C.§ 411(a); *See Gaiman v. McFarlane*, 360 F.3d 644, 655 (7th Cir. 2004). Although registration is a prerequisite to litigation, "[a] suit that is premature because a condition to litigation remains unsatisfied must be dismissed without prejudice." *Brooks-Ngwenya v. Thompson*, 202 F.Appx. 125, 127 (7th Cir. 2006) (citing *Ford v. Johnson*, 362 F.3d 395 (7th Cir. 2004)).

Here, Panoramic acknowledges that it had filed registration for some of the images at issue, but that registration had not yet been granted or refused. Although it has yet to expressly rule on the issue, the Seventh Circuit appears to follow the application approach, whereby receipt by the Copyright Office of a complete application satisfies Section 411(a). *See Chicago Bd. of Educ. v. Substance, Inc.*, 354 F.3d 624, 631 (7th Cir. 2003); *Hard Drive Productions, Inc. v. Does 1-55*, No. 11 C 2789, 2011 U.S. Dist. LEXIS 118049 *9, n.2 (N.D. Ill. Oct. 12, 2011)(J. Darrah). Panoramic asserts that registration has been granted and the appropriate documentation attached to the proposed Second Amended Complaint. Therefore, regardless of which approach the Seventh Circuit ultimately adopts, Panoramic is able to satisfy the registration requirement in this case.

Pearson also argues that Panoramic fails to provide sufficient factual basis to show copyright ownership and that it owned the copyrights at the time of the alleged infringement. Pearson asserts that Panoramic fails to adequately plead ownership because it alleges only that it

owns the photographs without facts showing that it owns at least one of the exclusive rights under the Copyright Act. In making this argument, Pearson refers to *Hyperquest, Inc. v. N'Site Solutions, Inc.*, 632 F.3d 377, 381-82 (7th Cir. 2011) and other cases that address challenges to a plaintiff's standing to sue. Pearson has not challenged Panoramic's standing to sue, but rather contends that Panoramic fails to adequately plead *ownership* despite arguing that "the Complaint ***does not contain a single factual allegation*** concerning the basis of any purported ownership that would suffice to confer statutory standing to assert the claims in suit." (Emphasis in original) (Def. Memorandum In Support of Motion to Dismiss, Dkt. 17-1 at 10). Pearson however is conflating statutory standing requirements and requirements for pleading *ownership*.

The precise contours of what a plaintiff must allege to satisfy pleading the ownership requirement are ill-defined. Some courts appear to allow a showing of registration to also satisfy the ownership requirement. *See, e.g*, *Hard Drive Productions, Inc.*, 2011 U.S. Dist. LEXIS 118049, at *10-11; *Sweet v. City of Chicago,* 953 F. Supp. 225, 227 (N.D.Ill. 1996); *Home & Nature Inc. v. Sherman Specialty Co., Inc.*, 322 F.Supp. 2d 260, 266 (E.D.N.Y. 2004)("the plaintiff satisfies the second element by asserting ownership of five copyrights in the complaint, listing the copyright registration numbers, and annexing copies of the five copyright registrations."). "Where a complaint alleges ownership, registration, and infringement, it need not specifically allege the derivation of the plaintiff's ownership of the copyright." *Sweet,* 953 F. Supp. at 227 (citing *Bobrecker v. Denebeim*, 25 F. Supp. 208, 209 (W.D.Mo. 1938), and Wright & Miller, Federal Practice and Procedure: Civil 2d at § 1237 (1990)).

Here, Panoramic alleges that it is the "owner of the attached photographic images ("Photographs") depicted in Exhibit 1." (First Am. Compl. Dkt. 8 at ¶ 5) Panoramic further alleges: "The Photographs have been registered with the United States Copyright Office or

4

complete applications for copyright registration have been received by the Copyright Office in compliance with the Copyright Act, 17 U.S.C. §§ 101 et seq., as set forth in Exhibit 1." *Id.* at ¶ 6. However, Panoramic acknowledges that it is not the "author" of the work at issue; it did not take the photographs. Copyright initially vests in the author of the work. 17 U.S.C. §201(a). Therefore, requiring some minimal factual enhancement of how it acquired copyright ownership appears necessary to raise the claim above the speculative level. This Court dismisses without prejudice Count I of the First Amended Complaint.

Panoramic attached a proposed Second Amended Complaint to its response in opposition to the motion to dismiss now before the Court.[1] The proposed Second Amended Complaint satisfactorily pleads the ownership requirement by alleging, that it acquired one or more exclusive copyrights through agency agreements and by "'transfer of copyright ownership' and accrued claims by written assignment from the photographers identified in Exhibit 1." (Proposed Sec. Am. Compl. Dkt. 23-1 at ¶¶ 6, 7).

*2. Count II: Contributory Copyright Infringement*

Pearson argues that Count II for contributory copyright infringement fails to state a claim because Panoramic alleges insufficient facts of direct infringement and inducement or encouragement of infringement. Pearson also argues that the claim is based on alleged extraterritorial infringement that is not cognizable under the Copyright Act. One infringes contributorily by intentionally inducing or encouraging direct infringement. *MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005); *Flava Works, Inc. v. Gunter*, 689 F.3d 754, 757 (7th Cir. 2012).

This Court agrees that Panoramic fails to state a claim for contributory infringement

---

[1] Although this Court need not review the proposed amendment, this Court has elected to do so in order to expedite pleading and prevent unnecessary motion practice.

because the First Amended Complaint fails to identify any third party or publication that allegedly infringed on its copyrights or any factual basis suggesting that Pearson induced or encouraged infringement. Panoramic alleges:

> "Upon information and belief, Pearson facilitated the international distribution of its publications, in part, through its international rights management group ("IRMG") located in Indiana and New Jersey. The IRMG website indicates that it is the IRMG's 'mission to maximize the number of translations and local versions published that are based upon products of Pearson Education,' and that the IRMG 'arranges for approximately 4,000 third-party licenses annually, which includes translations in approximately 50 languages read around the world.' The IRMG website also indicates that its team 'frequently travels to countries to visit with local publishing partners who are interested in obtaining foreign rights to our books.'" (First Am. Compl. Dkt. 8 at ¶ 28).

This Court cannot reasonably infer from these allegations that any contributory infringement took place either inside or outside the United States. Therefore, this Court dismisses Count II of the First Amended Complaint without prejudice and notes that Panoramic's proposed Second Amended Complaint does not cure this defect.

*3. Count III: Fraud*

Pearson moves to dismiss Panoramic's fraud claim because the Complaint is devoid of factual support for the elements of knowledge and intent, and the alleged representation concerned future events. To prevail on a fraud claim under Illinois law, a plaintiff must plead and prove: "(1) a false statement or omission of material fact; (2) knowledge or belief of the falsity by the party making it; (3) intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statements; and (5) damage to the other party resulting from such reliance." *Weidner v. Karlin*, 932 N.E.2d 602, 605 (Ill. App. Ct. 2010). Federal Rule of Civil Procedure 9(b) dictates that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and

6

other conditions of a person's mind may be alleged generally." *Fed.R.Civ.P.* 9(b).

Here, Pearson argues that Panoramic's fraud claim lacks sufficient factual enhancement to allege knowledge and intent. However, Rule 9(b) expressly states that knowledge and intent may be alleged generally. Indeed, factual evidence of conditions of the mind such as this generally cannot be known by a plaintiff at the time of pleading. Therefore, this Court finds Pearson's argument unpersuasive.

Pearson next argues that Panoramic's claim is premised on Pearson's purported representations about future events and is thus not actionable. "The general rule in Illinois denies recovery for fraud based on a false representation of intention or future conduct, but there is a well-recognized exception, where, as here, the false promise or representation of future conduct is claimed to be the scheme used to accomplish the fraud." *Carroll v. First Nat'l Bank*, 413 F.2d 353, 358 (7th Cir. 1969). Here, Panoramic alleges that Pearson sought and obtained licenses to print a certain number of copies of Panoramic's photographs in textbooks, while knowing at the time it obtained the licenses that it would exceed that number and did in fact exceed that number. (*See* First Am. Compl. Dkt. 8 at ¶¶ 14-16). Panoramic further alleges that Pearson intentionally misrepresented the number of copies it intended to publish in order to pay a lower fee for the licenses. *Id.* at ¶ 16. Therefore, this Court believes that the fraud claim as it is stated in the First Amended Complaint falls under the exception articulated in *Carroll.* This Court declines to dismiss Count III of the First Amended Complaint, finding Panoramic has adequately pleaded common law fraud.

Panoramic requests leave to amend its complaint to include exhibits 2-6, which were inadvertently omitted from the First Amended Complaint, though the exhibits were included with the original complaint. This Court grants Panoramic leave to amend the complaint in

conformity with this Order and to include exhibits 2-6.

**Conclusion**

Based on the reasons stated herein, this Court grants in part and denies in part defendant Pearson Education, Inc.'s Motion to Dismiss [17]. Plaintiff Panoramic Stock Images, Ltd. is granted leave to file an amended complaint within 30 days of entry of this Order. The status hearing previously set for May 31, 2013, at 9:00 a.m. is reset to July 22, 2013, at 9:00 a.m.

IT IS SO ORDERED.

Date: May 29, 2013

Entered: _____
Sharon Johnson Coleman